UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ KUMARI SHARMA and KARTARI LAL SHARMA, <br><br> Plaintiffs, <br><br> v. <br><br> WACHOVIA, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:10-CV-02274 JAM-KJN <br><br> ORDER GRANTING DEFENDANT's MOTION TO DISMISS |

This matter comes before the Court on Defendant Wachovia Mortgage's ("Defendant") Motion to Dismiss (Doc. 8). Defendant asks the Court to dismiss the Complaint (Doc. 1) filed by Plaintiffs Raj Kumari Sharma and Kartari Lal Sharma ("Plaintiffs"). Plaintiffs oppose the motion.[1]

                I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that in or about April 2004, Plaintiffs and World Savings Bank, FSB, whose successor in interest is

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 8, 2010.

1

Defendant, entered into a mortgage contract for the purchase of property.

Plaintiffs allege that their primary language is Punjabi, an Indian dialect, and that they do not speak, read, or understand English. The loan documents were purportedly negotiated in English and Plaintiffs believed they were getting a fixed rate mortgage with monthly payments of $833.38. Plaintiffs allege they did not realize that the mortgage loan was actually an adjustable rate mortgage with negative amortization and monthly payments of $1,112.94. Plaintiffs claim that they were unable to make their monthly mortgage payments.

Plaintiffs allege that in February 2009, Defendant agreed to a two month Trial Plan Agreement with a promise that if Plaintiffs would comply with all the terms of the agreement, Defendant would modify the loan. Plaintiffs claim they made two consecutive payments of $2,108.00 according to the conditions of the Trial Plan Agreement. However, Plaintiffs allege that Defendant refused to modify the loan and in or about February 2010, Defendant sold Plaintiffs' property.

Plaintiffs filed a complaint in the Superior Court of California, Sacramento, alleging four state causes of action: (1) violation of the duties of good faith and fair dealing; (2) violation of Business & Professional Code §§ 17200, et seq.; (3) violation of Business & Professional Code §§ 17500, et seq.; and (4) unjust enrichment. Defendant removed the case to federal court based on diversity jurisdiction and now moves to dismiss the Complaint.

## II.  OPINION

### A.  Legal Standard

#### 1.  Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure section 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure § 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  Claims for Relief

1.  Home Owners' Loan Act

Defendant, a division of Wells Fargo Bank, N.A., is a federally regulated savings bank, subject to the regulations of the Office of Thrift Supervision ("OTS") and operated under the laws of the Home Owner's Loan Act, 12 U.S.C. § 1461, et seq. ("HOLA").  Defendant argues that all of Plaintiffs' claims are preempted by HOLA.

Through HOLA, Congress gave the OTS broad authority to issue regulations governing federal savings associations.  12 U.S.C. § 1464.  Furthermore, 12 C.F.R. § 560.2 sets forth regulations governing OTS preemption.  Section 560.2(a) states that "OTS hereby occupies the entire field of lending regulation for federal savings associations. . . ."  Section 560.2(b) lists the numerous areas of state law that are preempted, including all state laws that impose requirements on federal savings banks regarding terms of credit, interest rates, amortization, payments due, loan-related fees, disclosures and advertising, and the processing, origination, and servicing of mortgages.  Additionally, § 560.2(c) provides that state contract, commercial, real property and tort law are not preempted, "to the extent that they only incidentally affect the lending operations of federal savings associations or are otherwise consistent with the purposes [of the regulations]."  Although it is generally presumed that Congress does not intend to preempt state law absent a clear manifestation of intent to the contrary, that presumption is not applicable to the field of

4

1 lending regulation of federal savings associations.  <u>Silvas v.
2 E*Trade Mortgage Corp.</u>, 514 F.3d 1001, 1004 (9th Cir. 2008).
3      OTS set out a three step process for determining preemption
4 under HOLA.

> 5      When analyzing the status of state laws under § 560.2,
>      the first step will be to determine whether the type
> 6      of law in question is listed in paragraph (b). If so,
>      the analysis will end there; the law is preempted. If
> 7      the law is not covered by paragraph (b), the next
>      question is whether the law affects lending. If it
> 8      does, then, in accordance with paragraph (a), the
>      presumption arises that the law is preempted. This
> 9      presumption can be reversed only if the law can
>      clearly be shown to fit within the confined of
> 10     paragraph (c). For these purposes, paragraph (c) is
>      intended to be interpreted narrowly. Any doubt should
> 11     be resolved in favor of preemption.

12 OTS, Final Rule, <u>61 Fed. Reg. 50951, 50966-67</u> (Sept. 30, 1996).
13 This agency's interpretation of its own regulation is
14 controlling. <u>Silvas</u>, 514 F.3d at 1005 (internal citations
15 omitted).
16      Applying this three step test to Plaintiffs' state law
17 claims, all four claims are preempted by HOLA.  Each cause of
18 action is based upon allegations pertaining to "terms of
19 credit", 12 C.F.R. § 560.2(b)(4), and "processing, origination
20 and servicing, of mortgages," 12 C.F.R. § 560.2(b)(10).  Because
21 all of Plaintiffs' state claims involve types of law listed in
22 paragraph 560.2(b), all of Plaintiffs' claims are preempted by
23 HOLA and must be dismissed.  <u>See</u>, <u>e.g.</u> <u>Silvas</u>, 514 F.3d at 1006-
24 07 (dismissing § 17200 claim because it is preempted by HOLA);
25 <u>Jones-Boyle v. Washington Mutual Bank, FA</u>, No. CV 08-02142, 2010
26 WL 2724287, *6-7 (N.D.Cal. July 8, 2010) (holding violations of
27 §§ 17200 and 17500 <u>et seq.</u>, and breach of contract and implied
28 covenant of good faith and fair dealing claim to be preempted by

5

HOLA, along with other state law claims); Lopez v. Wachovia Mortgage, No. 09-CV-01510, 2009 WL 4505919, *4 (E.D.Cal. Nov. 20, 2009) (dismissing with prejudice violation of § 17200 et seq. and breach of contract and implied covenant of good faith and fair dealing claims because they are preempted by HOLA); In re Washington Mutual Overdraft Protection Litigation, 539 F.Supp.2d 1136, 1152-56 (C.D.Cal. 2008) (holding that violation of § 17200, unjust enrichment, along with other state claims, are preempted by HOLA and are therefore dismissed).

Accordingly, because all of Plaintiffs' claims are preempted by HOLA, the Court dismisses all of Plaintiffs' causes of action with prejudice since the Complaint cannot be saved by amendment.

## III. ORDER

For the reasons set forth above,

Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: January 6, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE